968 F.2d 1216
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
SATURN CORPORATION, Plaintiff-Appellee,
v.
SATURN TIRE & RUBBER CO., Defendant-Appellant.
 No. 91-1791.
 United States Court of Appeals, Sixth Circuit.
 July 9, 1992.
 
 Before BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges; and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Saturn Tire and Rubber Company appeals the district court's grant of summary judgment to Saturn Corporation in this trademark rights case. For the reasons below, we affirm.
 
 
 2
 In 1964, Saturn Tire & Rubber Company of Guntersville, Alabama, sold new and remolded tires bearing the Saturn label. The company discontinued its business in 1966 and the rights to the name "Saturn" eventually made their way to J.B. Tire Company, located in Bloomington, Illinois. J.B. Tire changed its name to Saturn Tire & Rubber Company, which is the defendant, STR, in the present litigation.
 
 
 3
 During the late 1960s, STR sold tires manufactured for it by other companies. In December of 1969, federal registration of the trademark Saturn was issued. In 1974, STR ceased using the Saturn label for tires. Federal registration of the Saturn trademark was cancelled in 1977, after STR failed to file an affidavit of continuing use. STR sold only motorcycle batteries under the Saturn label until 1983; STR has not sold any products bearing the Saturn label since 1983. By 1986, all STR outlets other than the Bloomington, Illinois, location were closed. In late 1986, STR sold most of its assets to the J & A Tire Company. At the same time, STR granted oral permission to J & A to use the name "Saturn Tire and Rubber" in the Bloomington area for five years. A formal licensing agreement was executed a year later. At the present time, J & A, which leases a portion of STR's Bloomington premises, operates a local tire and minor automotive repair business under the name "Saturn Tire and Automotive."
 
 
 4
 On December 20, 1983, General Motors Corporation prepared a trademark search report for the name "Saturn." GMC intended to use the name for a new line of cars. The GMC search revealed the existence of STR as well as other companies using the Saturn name in relation to various business enterprises. GMC considered the results of the search report, however, to be insignificant and no cause to delay development of the Saturn line of cars. The GMC logo often appears in a distinctive "NASA" script. It has a bright red square with two white curves arching through it. STR's logo is in regular type, appears on a green background, and has an orange and yellow stripe beneath it.
 
 
 5
 On March 4, 1985, GMC filed an application with the United States Patent & Trademark Office to register Saturn as a trademark for automobiles. In April of 1985, STR filed an application at the Patent & Trademark Office to register Saturn as a service mark for automobile repair parts and the sale of tires and batteries. STR's application was denied on the grounds that it was likely to be confused with the mark in GMC's earlier application. Thereafter, STR filed a notice of opposition to GMC's application alleging that STR had prior rights in the mark. On December 16, 1985, GMC withdrew its application and, on January 9, 1986, STR's opposition was sustained and GMC's application denied. Subsequently, STR's application for registration was revised and published. On October 22, 1986, GMC's subsidiary and the plaintiff in the present action, Saturn Corporation, filed a notice of opposition. The first lawsuit between SC and STR was filed the same year by STR against SC. Saturn Tire & Rubber Co. v. Saturn Corp., No. 87CV72293DT (E.D.Mich. 4-27-88). The suit was founded on STR's claim that its mark was likely to be confused with that of SC. This lawsuit was dismissed in 1988 as unripe for adjudication after the district court found SC had not yet produced a single automobile.
 
 
 6
 The present action stems from SC's filing of a complaint against STR seeking declaratory judgment that SC's use of Saturn as a trade name and service mark was not likely to be confused with that of STR. SC also sought a declaration that STR no longer possessed a protectible interest in the name "Saturn" because of STR's assignment of its rights in the name to J & A. In December of 1989, STR filed a counter-claim for trademark infringement and unfair competition, contending that SC's use of the name "Saturn" for a line of automobiles and related service and parts was likely to be confused with STR's use of the same name. Both parties filed motions for summary judgment. At the time the summary judgment motions were filed, SC had invested over 1.9 billion dollars in the Saturn automobile program and the sale and distribution of these vehicles was well underway.
 
 
 7
 The district court held that there were disputed material issues of fact concerning whether STR retained a protectible interest in the Saturn name. However, the court dismissed the case holding that there were no material issues of fact in dispute with respect to the likelihood of confusion between SC's use of Saturn and STR's use of Saturn Tire and Auto. The court also held that the parties' prior proceedings before the Patent & Trademark Office did not constitute an estoppel or admission by SC with respect to the issue of likelihood of confusion.
 
 
 8
 This circuit has widely respected the rights and privileges afforded under trademark law; however, the record before us does not demonstrate a violation of trademark law. The only entity utilizing the name "Saturn" on a regular basis pursuant to trademark regulations was the Bloomington-based STR. The company has sold no products bearing the Saturn name since 1983. We find no likelihood of confusion between STR's use of the term "Saturn" and SC's, and we affirm the district court. Our decision today in no way conflicts with our opinion in Ameritech, Inc. v. American Information Technologies Corp., 811 F.2d 960 (6th Cir.1987).
 
 
 9
 We also reject STR's argument that SC was estopped from contending there was no likelihood of confusion because of certain admissions during proceedings at the Patent & Trademark Office. The district court found the admissions made during registration proceedings were materially distinguishable from admissions during an infringement action. Key to the district court's determination that there was no collateral estoppel effect was the court's finding that this issue was not fairly litigated, actually decided, or necessary to the outcome of the proceedings before the Patent & Trademark Office. We agree and reject STR's appeal on this ground.
 
 
 10
 As a final matter, we agree with the district court's refusal to grant summary judgment to either party on SC's claims that STR had abandoned its rights in Saturn. Because we affirm the district court's finding that there is no likelihood of confusion, we need not address the question of abandonment or whether or not STR retains any legal rights in the mark. Although the district court did not specifically address STR's dilution counter-claim, the record before us provides no support for a claim for dilution.
 
 
 11
 For the foregoing reasons, we affirm the district court.